J-A29033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

ANDRE MURCHISON

Appellant

:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 31 WDA 2022

Appeal from the Judgment of Sentence Entered December 7, 2021,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0010981-2019.

BEFORE:  BENDER, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: JANUARY 19, 2023**

Andre Murchison appeals from the judgment of sentence imposed after the trial court found him guilty of disorderly conduct and leaving an unattended child in a motor vehicle.[1]  Upon review, we affirm in part and reverse in part.

The trial court set forth the following facts:

On June 26, 2019, a fire broke out in [Murchison's] neighborhood. The fire was such that four different fire departments responded to it.  [Murchison's] residence was on fire, and he was aware of that fact.  He also knew that the fire at his residence was capable of spreading because the fire began at a property adjacent to [Murchison's] residence before moving to his own.

After arriving at the fire scene, law enforcement helped [Murchison] remove his newborn baby from his burning residence and to secure the baby in [Murchison's] vehicle so that he could drive the baby and his two other children safely away from the

---

[1] 18 Pa.C.S.A. § 5503(a)(1) and 75 Pa.C.S.A. § 3701.1(a).

fire. [Murchison], however, only drove his car across the street, parking less than one hundred feet from the fire. He then abandoned the children, including the newborn baby, in the vehicle; returned to his burning residence; and attempted to prevent the firemen on the scene from entering his residence to fight the fire, which - as set forth above - he knew was capable of spreading and had, in fact, spread to his own residence.

[Murchison] was out of control. He argued with the firemen, told them they were not allowed in his house, and physically blocked them from entering his house. He also became argumentative with law enforcement. [Murchison] was so out of control that he would not calm down and, instead, was forced to be detained so that the firemen could do their jobs. Accordingly, he was not only handcuffed, but he needed to be placed into the back of one of law enforcement's patrol cars so that the fire scene could be secured and the firemen could fight the blaze.

Trial Court Opinion, 3/3/22, at 5-6 (citations omitted). Eventually, Murchison was released, and he returned to his children. The police cited him for multiple offenses.

Following a bench trial, the court found Murchison guilty of disorderly conduct and leaving an unattended child in a motor vehicle. The court sentenced him to pay a $300 fine for disorderly conduct with no further punishment/penalty for the motor vehicle offense.

Murchison filed this timely appeal. Murchison and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Murchison raises the following two issues:

1. Should [] Murchison's conviction for having violated 18 Pa.C.S. § 5503(a)(1) [disorderly conduct] be vacated with prejudice given the Commonwealth's failure to present evidence establishing, beyond a reasonable doubt, that he (a) fought with anyone, (b) threatened anyone, (c) engaged in violent conduct, or (d) engaged in tumultuous conduct?

2. Should [] Murchison's conviction for having violated 75 Pa.C.S. § 3701.1(a) [leaving an unattended child in a motor vehicle] be vacated with prejudice given the Commonwealth's failure to present evidence establishing, beyond a reasonable doubt, that he, in walking away from his automobile in order to argue with a policeman and firefighters, (a) left his newborn baby unattended in his automobile (rather than attended to by his other two children and his neighbor), (b) was unable to see his automobile after walking away from it, and (c) endangered his baby's health, safety, or welfare in the process?

Murchison's Brief at 2. Murchison challenges the sufficiency of the evidence to convict him of disorderly conduct and leaving an unattended child in a motor vehicle.

Our scope and standard of review when considering challenges to the sufficient of the evidence are as follows:

Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

***Commonwealth v. Williams***, 176 A.3d 298, 305–06 (Pa. Super. 2017) (citations and quotation marks omitted).

In his first issue, Murchison claims that there was insufficient evidence to convict him of disorderly conduct. According to Murchison, the evidence did not establish that he either "engaged in fighting or threatening" or "engaged in violent or tumultuous behavior" as required by 18 Pa.C.S.A. section 5503(a)(1). Instead, Murchison maintains that the evidence merely showed that he was argumentative, bothersome, and did not follow the officer's directive to return to his vehicle. Murchison's Brief, at 12, 23.

> Pennsylvania's disorderly conduct statute states in relevant part:
>
> (a) Offense defined. - A person is guilty of disorderly conduct if, with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>
> (1) engages in fighting or threatening, or in violent or tumultuous behavior;
>
> ****
>
> (c) Definition. - As used in this section the word "public" means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public.

18 Pa. C.S.A § 5503. Under the statute, "whether a defendant's words or acts rise to the level of disorderly conduct hinges upon whether they cause or unjustifiably risk a public disturbance." *Commonwealth v. Hock*, 728 A.2d 943, 946 (Pa. 1999). "The cardinal feature of the crime of disorderly conduct is public unruliness which can or does lead to tumult and disorder." *Id.* (citing *Commonwealth v. Greene*, 189 A.2d 141, 144 (Pa. 1963)). However,

the offense of disorderly conduct is not intended as a catchall for every act which annoys or disturbs people; it is not to be used as a dragnet for all the irritations which breed in the ferment of a community. It has a specific purpose; it has a definite objective, it is intended to preserve the public peace[.]"

*Id.* As such, the particular circumstances surrounding the conduct are important to consider. *See id.*

Based upon our review of the record and viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that the Commonwealth presented sufficient evidence for the trial court to find Murchison guilty of disorderly conduct. Although the court did not specify which prohibited conduct Murchison engaged in, the evidence showed that he engaged in tumultuous behavior.

Notably, "Tumultuous" is not defined in Section 5503 or elsewhere in the Crimes Code. However, we previously have noted:

Commonly, "tumultuous" is defined as "marked by tumult"; "tending or disposed to cause or incite a tumult"; or "marked by violent or overwhelming turbulence or upheaval." "Tumult" is relevantly defined as "a disorderly agitation . . . of a crowd [usually] with uproar and confusion of voices," or "a violent outburst."

*Commonwealth v. Love*, 896 A.2d 1276, 1285 (2006) (quoting Merriam Webster's Collegiate Dictionary 1271-1272 (10th ed.1996)). It also means "marked by tumult; loud, excited, and emotional."[2] Further, "tumult" is

---

[2] "Tumultuous." *Merriam Webster.com. Dictionary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/tumultuous. Accessed 29 Dec. 2022.

defined, in relevant part, as "disorderly agitation or milling about of a crowd usually with uproar and confusion of voices: COMMOTION . . . . HUBBUB, DIN."[3]

At the hearing, the responding officer testified that, when the firefighters arrived, Murchison started arguing with the firemen. He blocked them from entering his house, stating they were not allowed in because they were going to destroy it. When the officer tried to talk to him, Murchison became argumentative with him. The officer tried to get Murchison to go to his vehicle, but he refused. Despite the officer's efforts, Murchison would not calm down and continued to act out of control. As a result, the officer had to handcuff Murchison and detain him in the patrol car.

This evidence showed that his conduct was "marked by tumult." As the fire burned, Murchison acted out; he was "loud, excited, and emotional;" he created a commotion. His conduct was not merely annoying or irritating. He distracted the firefighters and physically impeded them from fighting the fire that was spreading from house to house in his neighborhood. Murchison made an already tense situation more intense, thereby disrupting the public and the authorities' ability to do their jobs. Under these circumstances, Murchison's

---

[3] "Tumult." *Merriam Webster.com. Dictionary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/tumult. Accessed 29 Dec. 2022.

unruly conduct rose to a level where it caused or unjustifiably risked a public disturbance.

Murchison's first issue entitles him to no relief.

In his second issue, Murchison claims that the evidence was insufficient to convict him of leaving an unattended child in a motor vehicle. Specifically, he maintains that his two older children and a neighbor stayed with the baby, that the car was visible from where he was, and the children were not in danger. Therefore, according to Murchison, the Commonwealth failed to establish all the elements of this offense and his conviction should be reversed. Murchison's Brief at 13, 31.

The statute which prohibits leaving a child unattended in a motor vehicle states, "A person driving or in charge of a motor vehicle may not permit a child under six years of age to remain unattended in the vehicle when the motor vehicle is out of the person's sight and under circumstances which endanger the health, safety or welfare of the child." 75 Pa. C.S. § 3701.1(a).

Based upon our review of the record and viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that the evidence was insufficient for the trial court to find Murchison guilty of leaving an unattended child in a motor vehicle. We reach this decision for the following reasons.

First, the evidence failed to show that a child under 6 years of age was unattended in a motor vehicle. Although Murchison left his newborn baby (obviously under six) in the car, the baby, who was in a carrier, was not left

unattended.[4]  The Commonwealth's witness indicated that Murchison's two other children, who were around 9 or 10 years old, were in the car with the baby.  No evidence was presented that the children were unable to attend to the baby or alert someone if there was problem.

Furthermore, the evidence did not show that the vehicle was out of Murchison's sight.  Again, the Commonwealth's witness indicated that Murchison parked the vehicle just across the street from his house.  This was maybe 100 feet away.  Although Murchison may not have been paying attention because he was arguing with the firefighters and police, that is not equivalent to the vehicle being out of his sight.  In fact, when Murchison was detained and placed in the police car, a point when he could not get to the baby if needed, only then did a police officer stand by the car until Murchison was released.

Accordingly, we reverse Murchison's conviction for leaving an unattended child in a motor vehicle and dismiss this charge.

Judgment of sentence as to disorderly conduct affirmed; conviction for an unattended child in a motor vehicle reversed.  Jurisdiction relinquished.

---

[4] Although Murchison claimed that his neighbor stayed at the car with the children, the trial court did not find the neighbor's testimony credible.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2023